# EXHIBIT 1

1    JAMES S. RUMMONDS, SBN 59954
     RUMMONDS & MAIR
2    TRIAL LAWYERS
     POST OFFICE BOX 1870
3   APTOS, CALIFORNIA 95001
     TELEPHONE (831) 688-2911
4    FACSIMILE   (831) 662-3407

5    Attorney for Plaintiffs, Gordon and Sandy Steuck

**FILED**

JAN 2 9 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
~~DEIRDRE K. DINEEN~~ DEPUTY

6

7            IN THE SUPERIOR COURT OF CALIFORNIA

           IN AND FOR THE COUNTY OF MONTEREY
8

**M 8 8 7 4 8**

9

10   THE STEUCK FAMILY TRUST and
GORDON STEUCK and SANDY
STEUCK, individuals,

11

           Plaintiffs,

12

13         v.

14   CLARK L. WATKINS, an individual, dba
CLARK WATKINS, ARCHITECT,
LEONARD TRIANO, an individual, dba
15   TRIANO GENERAL CONTRACTOR, and
Does 1 through 10, Inclusive,

16

           Defendants.

17

**CASE NO.**

**COMPLAINT FOR DAMAGES FOR:**

**(1) PROFESSIONAL NEGLIGENCE**
**(2) BREACH OF CONTRACT**
**(3) NEGLIGENCE**
**(4) BREACH OF IMPLIED**
     **WARRANTY**

18

19   Plaintiff complains of Defendants, and each of them, and alleges as follows:

20                          I.

21             **GENERAL ALLEGATIONS**

22           **Parties and Relationships**

23
    1. THE STEUCK FAMILY TRUST is a California Trust, for which GORDON STEUCK
24
and SANDY STEUCK ("STEUCK"), are trustees and individuals residing in Monterey County,
25
California. THE STEUCK FAMILY TRUST is the owner of record and GORDON and SANDY
26
STEUCK are the beneficial owners of that certain hotel commonly referred to as "THE
27
COACHMAN'S INN," located at San Carlos and Seventh, Carmel, California (hereinafter "THE
28
PROPERTY").

Complaint

SCANNED

2.   Defendant CLARK WATKINS is an individual and a licensed architect doing business as CLARK WATKINS ARCHITECT ("CWA"), with his principal office located at 25852 Carmel Knolls Drive, Carmel, California, and in the business of providing architectural services on a variety of residential and commercial projects, emphasizing personal attention, client satisfaction and quality design.

3.   Defendant LEONARD TRIANO, is an individual and a licensed general contractor doing business as "TRIANO-GENERAL CONTRACTOR" ("TRIANO"), California State Contractor's License No. 711242, with his principal office located in Monterey County, California, and in the business of providing general contracting services on a variety of residential and commercial projects, emphasizing personal attention, client satisfaction and quality workmanship.

4.   R. Wayne Johnson is an architect and civil engineer who practices in the County of Monterey, State of California in the same areas and discipline as CWA and is knowledgeable in the relevant issues involved in the design and construction of the second level deck at the Coachman's Inn in Carmel, California, at issue herein.

### The Coachman's Inn Project

5.   At all times relevant hereto Plaintiffs were the owner of The Coachman's Inn, a hotel located on the corner of San Carlos and Seventh in Carmel, California. This case arises out of STEUCK'S hiring CWA to design a spa and second level deck on The Property and TRIANO to build the spa and second level deck ("The Project"), and the latent construction defects subsequently discovered by STEUCK in or about May 2007.

### Contractual Relationships

6.   In or about the year 2000, Plaintiffs consulted with CWA and entered into a contract in writing with CWA to prepare architectural plans for The Project. At the time of entering into the contract, WATKINS represented to STEUCK that he possessed special expertise in all phases of the architectural design, drafting, and drawing of plans and specifications for The Project, from conception to construction supervision.

7.   The contractual relationship entered between Plaintiffs and CWA continued until in or about 2002 when the The Project was completed.

8.   In or about the year 2001, Plaintiffs consulted with and entered into a contract partly

1 | written and partly oral with TRIANO, to construct the The Project in accordance with the CWA

2 | architectural plans. At the time of entering into the contract, TRIANO represented to STEUCK

3 | that he possessed special expertise in all phases of general contracting to complete the The Project

4 | in a good and workmanlike manner.

5 | 9. Starting in or 2002 and continuing until in or about May 2007, TRIANO

6 | performed services for the plaintiffs in connection with the second story deck. Throughout this

7 | period STEUCK reasonably relied on WATKINS, CWA, TRIANO and DOES 1-10 to fulfill their

8 | contractual obligations.

9 | 10. In or about late 2004 or early 2005, STEUCK noticed for the first time what appeared

10 | to be water stains on the The Project and brought this to the attention of TRIANO. TRIANO

11 | explained that the water stains were the normal results of rainfall and also could be from the use

12 | of the The Project sauna. Between 2004 and May 2007, TRIANO made several repairs to the

13 | exterior of the The Project. During the repairs in May 2007 STEUCK observed, after boards were

14 | removed from the underside of the The Project, that the sub-flooring of the The Project appeared

15 | to be full of dry rot and water stains. As a result of these observations, STEUCK hired Wayne

16 | Johnson, Architect/Civil Engineer to investigate the condition of the The Project and the design and workmanship of the deck.

17 | 11. In or about Summer 2007 Wayne Johnson, Architect/Civil Engineer reported to

18 | STEUCK that "It would be difficult to describe a more complete failure of building construction.

19 | It's design and construction is inept, incompetent and lacking the most fundamental elements

20 | necessary for resistance to seismic loads and exposure to weather. The decking surface is sloped

21 | not to drain water, but to pond it. It clearly has no functioning waterproofing membrane between

22 | the tile bed and the untreated wood decking."

23 | 12. Counsel for STEUCK has reviewed the facts of the case as set forth in the report of R.

24 | Wayne Johnson and concluded on the basis of this review that defendant CWA was negligent and

25 | that a meritorious case exists for the filing of this action.

26 | **Doe Defendants**

27 | 13. The true names and capacities, whether individual, corporate, associate or

28 | otherwise, of defendants sued herein as DOES 1-10 inclusive, are unknown to Plaintiffs at this time who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this

Complaint
- 3 -

1 complaint to show their true names and capacities when the same have been ascertained.

2 <center>**Agency Relationships**</center>

3 14. At all times herein mentioned, Defendants and each of them, including DOES 1-

4 20, inclusive, were associates, agents, servants and employees of each of the other Defendants,

5 and were acting within the course and scope of their association, agency, service and employment,

6 and with the permission and consent of each of the other Defendants.

<center>**II.**</center>

7

<center>**FIRST CAUSE OF ACTION**</center>

8

9 <center>**(Professional Negligence Against WATKINS and CWA)**</center>

10 15. Plaintiffs re-allege the General Allegations of this Complaint set forth in Paragraphs 1-14 as though fully set forth herein.

11
16. On or about the year 2000 through 2001, Defendants WATKINS and CWA and

12 DOES 1-10, and each of them, represented to Plaintiffs that they had special expertise and

13 experience providing services as an architect and general contractor. Plaintiffs reasonably relied

14 on these representations of Defendants WATKINS and CWA. In particular, defendant

15 WATKINS and CWA represented to plaintiff that WATKINS was a licensed architect and would

16 advise, assist and direct plaintiff in the design, planning and drawing and construction supervision

17 of the The Project project.

18 17. In or about 2000 and thereafter WATKINS, CWA and DOES 1-10 negligently drafted

19 architectural designs and construction drawings for the Project, then utilized those same plans

20 during the construction phase of the project.

21 18. In undertaking the representation of STEUCK, WATKINS and CWA owed a duty to

22 STEUCK to use reasonable care and/or the amount of care customary in the fields of architecture

23 and construction in all of their services provided and advice to, and communications with

24 STEUCK related to the project.

25 19 WATKINS and CWA breached their duties of care in providing architectural

26 consulting services related to the project. In particular, WATKINS and CWA produced

27 architectural drawings that failed to address issues of drainage and waterproofing thereby causing

28 the structure to prematurely decay, deteriorate and become dangerous and unusable.

20. As a direct and proximate result of defendants' negligence, plaintiffs have been

---

Complaint

<center>- 4 -</center>

1 | damages in an amount according to proof at the time of trial.

2 | **III**

3 | **SECOND CAUSE OF ACTION**

4 | **(Breach of Contract Against Clark Watkins and CWA)**

5 | 21. Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set
6 | forth in paragraphs 1 through 19, above, as if fully set forth herein.

7 | 22. On or about 2001, Plaintiffs entered into a contract with WATKINS and CWA to
8 | provide architectural and construction services in support of the project.

9 | 23. A material term of the agreement was for WATKINS and CWA to produce a feasible
| architectural plan and build it accordingly.

10 | 24. Plaintiff duly performed all the terms, covenants and conditions on his part to be
11 | performed pursuant to the contract with WATKINS and CWA with the reasonable expectation
12 | that WATKINS and CWA would perform the services contracted for in an efficient and timely
13 | manner.

14 | 25. As a direct and proximate result of defendants' breach of contract plaintiffs have been
15 | damages in an amount according to proof at the time of trial.

16 | **IV.**

17 | **THIRD CAUSE OF ACTION**

18 | **(Negligence Against Triano)**

19 | 26. Plaintiffs re-allege the General Allegations of this Complaint set forth in Paragraphs
20 | 1-25 as though fully set forth herein.

21 | 27. On or about 2001, Defendant TRIANO and DOES 1-10, and each of them,
22 | represented to Plaintiffs that they had special expertise and experience as a general contractor and
23 | could construct The Project in a proper and workmanlike manner. Plaintiffs reasonably relied on
24 | these representations of Defendants WATKINS and CWA. In particular, defendant TRIANO
25 | represented to plaintiff that he was a licensed general contractor and would construct the The
26 | Project in a good and workmanlike manner.

27 | 28. In undertaking the contractual obligations to STEUCK, TRIANO owed a duty to
28 | STEUCK to use reasonable care and/or the amount of care customary in the field of construction
| in all of their services provided and advice to, and communications with STEUCK related to the

Complaint
- 5 -

1 project.

2      29 TRIANO breached his duties of care as a general contractor in providing construction

3 services related to the project. In particular, TRIANO constructed the The Project in a manner

4 that failed to allow drainage and without waterproofing thereby causing the structure to

5 prematurely decay, deteriorate and become dangerous and unusable.

6      30. As a direct and proximate result of defendant's negligence, plaintiffs have been

7 damages in an amount according to proof at the time of trial.

8                                 V.

9               **FOURTH CAUSE OF ACTION**

             **(Breach of Contract Against Triano)**

10      31. Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set

11 forth in paragraphs 1 through 30, above, as if fully set forth herein.

12      32. On or about 2001, plaintiffs entered into a partly written and partly oral contract with

13 TRIANO for the construction of The Project.

14      33. A material term of the agreement was for TRIANO to build the The Project in a good

15 and workmanlike manner.

16      34. Plaintiff duly performed all the terms, covenants and conditions on his part to be

17 performed pursuant to the contract with TRIANO with the reasonable expectation that TRIANO

18 would perform the services contracted for in a good and workmanlike manner.

19      35. TRIANO breached his construction contract with plaintiffs related to The Project. In

20 particular, TRIANO constructed the The Project in a manner that failed to allow drainage and

21 without waterproofing thereby causing the structure to prematurely decay, deteriorate and become

22 dangerous and unusable.

23      36. As a direct and proximate result of defendant's breach of contract, plaintiffs have been

24 damages in an amount according to proof at the time of trial.

25                                 VI.

26               **FIFTH CAUSE OF ACTION**

27     **(Breach of Implied Warranty Against CWA and Triano)**

28      37. Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set

forth in paragraphs 1 through 36, above, as if fully set forth herein.

Complaint

1       38. CWA and Triano impliedly warranted to STEUCK that the Project was designed and

2 constructed in a reasonably workmanlike manner; that the walls, floors, deck, railing and seating

3 areas of The Project were constructed in accordance with the applicable plans and specifications;

4 and that the walls, floors, deck, railing and seating areas of The Project were designed and

5 constructed in accordance with applicable building codes.

6       39. Defendants and each of them breached those implied warranties by, among other

7 things, failing to design, build, construct the walls, floors, deck, railing and seating in a good and

8 workmanlike manner. More specifically, The Project was built in a manner that allowed water to

9 pool on the second level deck and intrude into the tile flooring and into beams, joists, stairs, and

10 interior of The Project in such a manner that has rendered The Project unfit for use.

      40. As a direct and proximate result of defendants breaches of defendants breaches of

11 implied warranties plaintiffs have been damages in an amount according to proof at the time of

12 trial.

13 <div align="center">**PRAYER FOR DAMAGES**</div>

14       WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants, and

15 each of them, as follows:

16       1) For general damages in an amount to be shown according to proof;

17       2) For special damages according to proof;

18       3) For costs of suit incurred herein;

19       4) For such other and further relief as the court deems just and proper.

20 Date: January 15, 2008            RUMMONDS & MAIR

21

22

23                               JAMES S. RUMMONDS, Esq.
                              Attorneys for Plaintiffs

24

25

26

27

28

Complaint

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLARK L. WATKINS, an individual, dba CLARK WATKINS, ARCHITECT, LEONARD TRIANO, an individual, dba TRIANO GENERAL CONTRACTOR, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE STEUCK FAMILY TRUST and GORDON STEUCK and SANDY STEUCK, individuals

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAR 2 7 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
LISA DALIA    DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940

**CASE NUMBER:**
*(Número del Caso):* M88748

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES S. RUMMONDS, RUMMONDS & MAIR
311 Bonita Dr., Aptos, CA 95003

CONNIE MAZZEI    LISA DALIA

DATE: **MAR 2 7 2008**    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com